Steven A. MAHURIN *v.* Hon. David BOGARD, Judge, Pulaski County Probate Court, Third Division, and Dr. James L. THOMAS, Commissioner of Mental Health, Arkansas State Hospital, Little Rock, Arkansas

81-65                                    613 S.W. 2d 826

Supreme Court of Arkansas
Opinion delivered April 13, 1981

*William R. Simpson, Jr.,* Public Defender, by: *Kelly Carithers* and *Robert J. Price*, for petitioner.

*Wilbur C. Bentley*, Pros. Atty., Sixth Judicial District, by: *Larry D. Vaught*; and *Steve Clark*, Atty. Gen., for respondents.

PER CURIAM. Petitioner was involuntarily committed to the Arkansas State Hospital and asks this Court to free him by a writ of habeas corpus or by a writ of mandamus ordering respondent Probate Judge David Bogard to set him free.

On March 18, 1981, Act 593 of 1981 became effective. Section 5(b)(2) provides that the presence of a respondent to an involuntary commitment need not be required at the initial, or probable cause hearing, if the trial judge makes a finding that the respondent's appearance would be detrimental to his mental health, well-being or treatment, or that he is unable to appear, or that he is disruptive at the hearing.

On March 25, the father of the petitioner filed a pleading in Probate Court asking that petitioner be involuntarily committed to the Arkansas State Hospital as a gravely disabled person. On the same day the trial judge conducted a preliminary hearing, without the petitioner present or without finding that his presence was excused by the language of the act which had become effective six days earlier.

On March 31, prior to the filing of this petition, the trial court conducted a hearing with petitioner and his attorney present. Since thathtime there has been no illegal confinement for which a writ of habeas corpus should be issued. The Probate Court clearly has jurisdiction. Petitioner has presented no allegation that the respondent refused to act concerning this matter, for which a writ of mandamus should be issued. Because of the type of petition filed, we do not reach the issue of the exact date the commitment ends.

Writs denied.